REID, Judge.
This action rises out of the fatal injury to Mr. Edward J. Guardipee, occurring April 28, 1960, as the result of an explosion while Mr. Guardipee was engaged in painting of the inside of a transport tank, for his employer, Teckote Contractors, Inc., in Baton Rouge, Louisiana. At the time of the explosion the deceased, Mr. Guardi-pee was or had been spraying a protective coating known as Amercoat #23 protective •coating to the inside of the tank. Suit was filed on April 27, 1961, and after various pleadings being filed, the defendant Amer-coat Inc., filed a Motion for Summary Judgment, on January 4, 1968, which said motion was granted by the Trial Court on January 22, 1968, the judgment being read and signed on January 30, 1968. On January 30, 1968 the plaintiff entered an order of devolutive appeal.
The sole question now before this Court is whether or not the trial court was in error in granting the motion for summary judgment. The motion for summary judgment was filed along with the affidavit of Mr. Raymond J. Dwyer along with labels appearing on Amercoat #23, which was being used in the tank by Mr. Guardi-pee at the time of the accident. Also attached to the Motion was the Fire Prevention Bureau investigation report. The depositions of Mr. Gilbert, Mr. Thompson and Mr. Andre who were fellow workers of Mr. Guardipee were submitted on behalf of the plaintiff at the hearing.
With respect to the defendant Amercoat Corporation the petition contains the following paragraphs.
“29.
“That Americoat Corporation was guilty of negligence which was a proximate cause of decedent’s death, which negligence is described as follows:
“a) Manufacturing or processing of a highly combustible material for painting purposes and failing to adequately provide directions for its use as to place, ventilation or the like.
“b) Other negligence peculiarly within its knowledge.
“30.
“Petitioner is informed and believes and therefore alleges that the paint manufactured by Americoat was defective and not safe for the use for which it was intended due to faulty manufacture and/or processing. The exact nature and description of said defects or causes thereof are peculiarly within the knowledge of said defendant.

*305

“Petitioner believes and therefore alleges in the alternative that defendant, Amerf-coat was guilty of a breach of warranty owed to the public and to Edward J. Guardipee in producing, manufacturing and offering for sale to the public a paint made of highly conbustible paint material without adequate warning as to its dangerous propensities and without adequate directions as to its use so as to avoid an explosion.”
It is the contention of the defendant, Amercoat Corporation, that paragraphs 29 and 31 of the petition “contain the real gravamen of plaintiff’s complaint” as against Amercoat, that is that Amercoat manufactured a highly combustible material for painting purposes without adequate warning and directions for its use. It is apparent that the affidavit of Mr. Dwyer and the exhibits attached thereto deal only with paragraphs 29 and 31 of the petition relative to the supplying of adequate warning and direction for the use of Amercoat #23.
However, paragraph 30 of the plaintiff’s petition alleges in essence that Amercoat Corporation manufactured a paint product which was defective and not safe for the use for which it was intended, due to’ faulty manufacturing and/or processing. It is further alleged that the exact nature and description of these defects were peculiarly within the knowledge of the defendant. The defendant, Amercoat, contends that paragraph 30 states no material facts to support the pleaded conclusion that the paint was defective and unsafe for the use for which it was intended, and that this, coupled with the testimony of Mr. Jesse Gilbert, the President of Teckote, Contractors, Inc., that the same material had been used prior to and since the accident, as well as the testimony of fellow employees is sufficient to support the action taken by the Trial Judge, in granting the motion for summary judgment. We do not agree. Paragraph 30 of the plaintiff’s petition as previously stated alleged that Amercoat #23, was defective and not safe for the use for which it was intended, due to faulty manufacturing and/or processing. The fact that no specific instances of defective manufacture are not controlling and we feel that the plaintiff in Article 30 has met the requirements of Articles 854 and 891 of the Code of Civil Procedure. Even so the affidavit of Mr. Dwyer and attached labels for Amercoat #23 have no bearing upon paragraph number 30 of the plaintiff’s petition. This leaves the Court with only the report of the Fire Prevention Bureau, and the depositions introduced by the plaintiff upon which we are sustaining the Motion for Summary Judgment, an examination of these documents reveal but one thing, and that is that there are several issues as to material fact. For these reasons the Judgment of the Trial Court must be reversed.
It is therefore ordered, adjudged and decreed that the Judgment of the Trial Court be reversed and this matter remanded to the lower court for a trial on its merits, costs of the appeal to be borne by the defendant, Amercoat Corporation, and all other costs await the final determination of this suit.
Reversed and remanded.